In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-24-00063-CR**

**JEFFREY CHARTER BRAY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 22-09-12719-CR**

**MEMORANDUM OPINION**

A grand jury indicted Appellant Jeffrey Charter Bray ("Appellant" or "Bray")
for third-degree felony assault of a family member by impeding breath or circulation
with the use or exhibition of a deadly weapon during the offense. *See* Tex. Penal
Code Ann. § 22.01(b)(2)(B). The indictment included an enhancement paragraph
alleging that Bray had previously been convicted of a felony. Bray pleaded not guilty
to the offense of assault of a family member by impeding breath or circulation. Prior
to the State resting its case in the jury trial, Bray changed his plea to the offense to a

1

plea of guilty, pleaded "true" to the deadly weapon finding, waived his right to a jury as to punishment, and elected for the trial court to determine his sentence. The trial court found Bray guilty and found that the allegation that a deadly weapon was used to be true. During the punishment phase, Bray pleaded "true" to the enhancement. After hearing evidence, the trial court sentenced Bray to twenty years of confinement. Bray timely appealed.

On appeal, Appellant's court-appointed attorney filed a brief stating that he has diligently reviewed the record and, based on his professional evaluation of the record and applicable law, there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Bray to file a pro se brief, and we received no response from Bray.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate

2

Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

    AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on October 17, 2024
Opinion Delivered October 23, 2024
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.

---

[1] Bray may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.